

---

*United States Courthouse*
*110 North Heber Street*
*Beckley, WV 25801*

PHONE: (304) 253-6722
FAX: (304) 253-9206

FILED

MAY 1 9 2008

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

March 28, 2008

Jason D. Parmer, Esquire
P.O. Box 99
Hinton, WV 25951

> Re: United States v. McKiney Early
> Criminal No. 1:08-00040 (USDC SDWVa)

Dear Mr. Parmer:

This will confirm our conversations with regard to your client, McKiney Early (hereinafter "Mr. Early"). As a result of these conversations, it is agreed by and between the United States and Mr. Early as follows:

1. **PENDING CHARGES.** Mr. Early is charged in two counts of a three-count indictment as follows:

   (a) Count One charges Mr. Early with a violation of 21 U.S.C. § 846 (conspiracy to distribute quantities of oxycodone); and

   (b) Count Three charges Mr. Early with a violation of 21 U.S.C. § 841(a)(1) (distribution of a quantity of oxycodone).

2. **RESOLUTION OF CHARGES.** Mr. Early will plead guilty to Count Three of said indictment, which charges him with a violation of 21 U.S.C. § 841(a)(1). Following final disposition, the United States will move the Court to dismiss Count One in Criminal No. 1:08-00040 as to Mr. Early.

_____
McKINEY EARLY
Defendant

4/1/08
_____
Date Signed

_____
JASON D. PARMER, ESQUIRE
Counsel for Defendant

4/1/08
_____
Date Signed

3.   **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Mr. Early will be exposed by virtue of this guilty plea is as follows:

(a)   Imprisonment for a period of up to 20 years;

(b)   A fine of $1 million, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)   A term of supervised release of three years;

(d)   A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

(e)   Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Early for a period of five years; and

(f)   Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

4.   **SPECIAL ASSESSMENT.**   Prior to the entry of a plea pursuant to this plea agreement, Mr. Early will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing.  Mr. Early will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.  If the defendant fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement.  In

_____          4/1/08
McKINEY EARLY                            _____
Defendant                                Date Signed


_____          4/1/08
JASON D. PARMER, ESQUIRE                 _____
Counsel for Defendant                    Date Signed

the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Early.

5.     **COOPERATION.**  Mr. Early will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.  In complying with this provision, Mr. Early may have counsel present except when appearing before a grand jury.

6.     **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Mr. Early, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

7.     **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Early for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Early for perjury or false statement if such a situation should occur pursuant to this agreement.

8.     **PAYMENT OF MONETARY PENALTIES.**  Mr. Early agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea

McKINEY EARLY
Defendant

4/1/08
Date Signed

JASON D. PARMER, ESQUIRE
Counsel for Defendant

4/1/08
Date Signed

agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States.  So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Early further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

9.  **APPEAL OF SENTENCE.**  The United States and Mr. Early knowingly and voluntarily waive their right to seek appellate review of the reasonableness of any sentence imposed by the District Court, so long as that sentence falls within the range established by the United States Sentencing Guidelines. This waiver, however, does not prevent either party from arguing for a sentence above or below the guideline range at or before the sentencing hearing, nor does it prevent either party from seeking appellate review of the District Court's calculation of the guideline range, if an objection is properly preserved.

Further, the United States and Mr. Early agree that neither will seek appellate review of any order of the District Court imposing a fine unless the fine imposed is outside of the range provided for the offense of conviction by the United States Sentencing Guidelines.

10.  **FINAL DISPOSITION.**  The matter of sentencing is within the sole discretion of the Court.  The United States has made no representations or promises as to a specific sentence.  The United States reserves the right to:

(a)  Inform the Probation Office and the Court of all relevant facts and conduct;

McKINEY EARLY
Defendant

4/1/08
Date Signed

JASON D. PARMER, ESQUIRE
Counsel for Defendant

4/1/08
Date Signed

(b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c)   Respond to questions raised by the Court;

(d)   Correct inaccuracies or inadequacies in the presentence report;

(e)   Respond to statements made to the Court by or on behalf of Mr. Early;

(f)   Advise the Court concerning the nature and extent of Mr. Early's cooperation; and

(g)   Address the Court regarding the issue of Mr. Early's acceptance of responsibility.

11.   **VOIDING OF AGREEMENT.**  If either the United States or Mr. Early violates the terms of this agreement, the other party will have the right to void this agreement.  If the Court refuses to accept this agreement, it shall be void.

12.   **ENTIRETY OF AGREEMENT.**   This written agreement constitutes the entire agreement between the United States and Mr. Early in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Early in any Court other than the United States District Court for the Southern District of West Virginia.


_____          __4/1/08_____
McKINEY EARLY                              Date Signed
Defendant


_____          __4/1/08_____
JASON D. PARMER, ESQUIRE                    Date Signed
Counsel for Defendant

Jason Parmer, Esquire
March 28, 2008
Page 6                                    Re:  McKiney Early


        Acknowledged and agreed to on behalf of the United States:

                                CHARLES T. MILLER
                                United States Attorney

                        By:  _____
                                MILLER A. BUSHONG, III
                                Assistant United States Attorney

MAB/tlc

I hereby acknowledge by my signature at the bottom of each page of
this six-page agreement that I have read, understand and agree to
each of the terms and conditions set forth in this agreement.


_____          4/1/08
McKINEY EARLY                              _____
Defendant                                  Date Signed

_____          4/1/08
JASON D. PARMER, ESQUIRE                   _____
Counsel for Defendant                      Date Signed